

# National Grain and Feed Association
# Arbitration Decision

1250 Eye St., N.W., Suite 1003, Washington, D.C. 20005-3917
Phone: (202) 289-0873, FAX: (202) 289-5388, E-Mail: ngfa@ngfa.org, Web Site: http://www.ngfa.org

## ARBITRATION CASE NUMBER 2493

**Plaintiff:**      ConAgra Foods Food Ingredients Company, Inc., Omaha, Neb.

**Defendant:**   Theodoro Baking Company Inc. and Michael Daniels, Hazelwood, Mo.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, ConAgra Foods Food Ingredients Company, Inc. (ConAgra), requested the entry of a default judgment in the amount of $104,988.60 against the defendant, Theodoro Baking Company Inc. and Michael Daniels (Theodoro). The default judgment is granted for the reasons set forth below.

On January 15, 2007, Theodoro completed and executed a Credit Application with ConAgra whereby Theodoro agreed to pay future invoices in accordance with various terms. Among the incorporated "ConAgra Mills Invoice Terms," was the following clause:

> NGFA® Arbitration of disputes: The parties to this contract agree that the sole remedy for resolution of any and all disagreements or disputes arising under or related to this contract shall be through arbitration proceedings before the National Grain and Feed Association (NGFA) pursuant to the NGFA® Arbitration Rules. The decision and award determined through such arbitration shall be final and binding upon the Buyer and Seller. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. (Copies of the NGFA® Arbitration Rules are available from the National Grain and Feed Association, 1250 Eye Street, N.W., Suite 1003, Washington, D.C. 20005; Telephone: 202-289-0873; Website: http://www.ngfa.org). [Emphasis in original].

The Agreement further stated the following:

> Entire Agreement: This Agreement, together with any invoices issued hereunder and any other written contracts executed pursuant to this Agreement, incorporate all the understandings of the parties with respect to the matters contained herein and supersede all prior agreements, negotiations or communications, whether oral, written, or implied concerning the subject matter of this Agreement. In the event of any discrepancy between this Agreement and any invoice or other agreement between the parties, the terms of this Agreement shall control. [Emphasis in original].

ConAgra submitted an arbitration complaint dated December 3, 2009, to the National Grain and Feed Association (NGFA). The complaint alleged that Theodoro failed to perform under an agreement for the purchase and sale of flour.

EXHIBIT 4

Acting upon ConAgra's complaint, the NGFA prepared an arbitration services contract and submitted it to ConAgra for execution. By certified mail dated December 16, 2009, the NGFA also sent to Theodoro a letter providing notice of these proceedings with copies of ConAgra's complaint and attachments, as well as the NGFA Trade Rules and Arbitration Rules. The certified mail return receipt confirmed that this mailing to Theodoro was signed for and received on December 21, 2009.

Upon receipt of the duly executed arbitration services contract from ConAgra, the NGFA then sent it with accompanying correspondence to Theodoro by certified mail on January 7, 2010. The certified mail return receipt confirmed that this mailing to Theodoro was signed for and received on January 11, 2010.

On February 2, 2010, the NGFA sent to Theodoro another letter by Federal Express delivery. Federal Express confirmed that this mailing was delivered on February 4, 2010. The NGFA's letters of January 7 and February 2, 2010 to Theodoro specifically provided notice that Sections 5(c) and (d) of the NGFA Arbitration Rules required that the signed contract be returned within fifteen (15) days.

After still not receiving any response from Theodoro, or any indication that a response was forthcoming, NGFA sent yet another notice to Theodoro on March 19, 2010 by Federal Express delivery. This notice further specifically stated as follows:

> NGFA Arbitration Rules 5(d) and (e) provide for the entry of a default judgment when a party fails to execute the arbitration contract and pay the service fee within fifteen (15) days. Based upon the lack of any response from you thus far, we must anticipate that you do not intend to respond. *This is our last attempt to elicit a response from you. A default judgment may be entered against you at any time, which the Plaintiff may enforce in a court of law.* [Emphasis in original].

Federal Express confirmed that this mailing was delivered to Theodoro on March 23, 2010.

NGFA has yet to receive an executed arbitration services contract or any other communication from Theodoro, despite the repeated attempts by NGFA to contact him.

## DEFAULT JUDGMENT

The NGFA established jurisdiction over this matter pursuant to the express terms of the Credit Application and Invoice Terms, and by way of ConAgra's status as a NGFA active member.

ConAgra properly and in a timely manner filed its complaint under NGFA Arbitration Rules Section 5(a). Pursuant to Section 5(b), the NGFA then submitted an arbitration services contract to the parties. Section 5(d) states that, "it shall be the duty of both parties to complete the contract for arbitration within fifteen (15) days from the date the party receives the contract from the National Secretary." ConAgra properly executed and returned the arbitration services

2

contract. Theodoro refused to comply with the NGFA Arbitration Rules, and refused to respond to any requests from the NGFA for the executed contract.

NGFA Arbitration Rule Section 5(e) provides for the following:

> "Where a party fails to pay the arbitration service fee and/or fails to execute the contract for arbitration, the National Secretary may without further submissions by the parties enter a default judgment or such other relief as the National Secretary deems appropriate."

As it appears that Theodoro made a conscious decision to disregard these arbitration proceedings, pursuant to Section 5(e) of the NGFA Arbitration Rules, the National Secretary finds that entry of default judgment against Theodoro is proper and warranted.

NGFA Arbitration Rule Section 5(e) also sets forth the requirements and conditions under which, "[a]ny party against whom a default judgment has been entered under this provision may apply for vacation of the default judgment within fifteen (15) days of entry of the default judgment."

## THE AWARD

**THEREFORE, IT IS ORDERED THAT:**

1. ConAgra Foods Food Ingredients Company, Inc. is awarded judgment against Theodoro Baking Company Inc. and Michael Daniels for $104,988.60.

2. Interest on the judgment shall accrue at the statutory rate available for judgments in the applicable jurisdiction from this date until paid in full. This award is not intended to preclude the plaintiff from pursuing an additional award for interest, legal fees or costs in a court of law.

Dated: May 26, 2010

**NATIONAL GRAIN AND FEED ASSOCIATION**

By: Charles M. Delacruz
    National Secretary